UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENT DAVID GRANDIDIER,<br><br>        Plaintiff,<br><br>   vs.<br><br>QUANTUM3 GROUP, LLC,<br>GALAXY ASSET PURCHASING, LLC,<br><br>        Defendants. | 1:14-cv-00138-RLY-TAB |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Brent David Grandidier ("Plaintiff"), is a participant in a Chapter 13 bankruptcy proceeding. Plaintiff alleges that Quantum3 Group, LLC ("Quantum3") and Galaxy Asset Purchasing, LLC ("Galaxy") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(5), by filing a proof of claim that was barred by the Indiana statute of limitations and subsequently disallowed by the bankruptcy court. Defendants move to dismiss Plaintiff's claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is **DENIED**.

**I.    Background**

Plaintiff filed a Chapter 13 bankruptcy petition on December 13, 2012. (Complaint ¶ 12). On February 1, 2013, Galaxy, via its agent Quantum3, filed a proof of claim relating to credit card obligations in Plaintiff's bankruptcy proceeding. (*Id.* at ¶ 13). According to Indiana Code § 34-11-2, the statute of limitations in Indiana relating to the collection of delinquent credit card debts is six years. (*Id.*). The date of last activity

related to the account was 1991. (*Id.* at ¶ 11). On June 17, 2013, Plaintiff's bankruptcy counsel objected to the time-barred proof of claim in bankruptcy court. (*Id.* at ¶ 14). On July 26, 2013, the objection was sustained and the claim was disallowed. (*Id.* at ¶ 15).

## II. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a claim for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). In ruling on a motion to dismiss, the court construes the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded, nonconclusory, factual allegations in the complaint are accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Taken in this light, the complaint's "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has a facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. Discussion

### A. FDCPA Overview and Purpose

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Further, the specific FDCPA section allegedly violated by the Defendants, 15 U.S.C. §

2

1692e, prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

### B. Interaction of the FDCPA and the Bankruptcy Code

The Seventh Circuit has held that the FDCPA and the Bankruptcy Code can coexist and that a violation of the Bankruptcy Code can be the basis for a cause of action under the FDCPA.[1] *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 732-33 (7th Cir. 2004). The court in *Randolph* recognized that the FDCPA and the Bankruptcy Code overlap in their coverage of certain activities, but that overlap does not preclude the application of either statute. *Id.* at 731. Rather, so long as "people can comply with both, then courts can enforce both." *Id.*

Thus, the requisite question here is whether creditors can comply with both the Bankruptcy Code and the FDCPA. *See id.* The court finds that they can. *See Smith v. Asset Acceptance*, No. 1:13-cv-255-WTL, DML, 2013 U.S. Dist. LEXIS 187540 ** 3-4 (S.D. Ind. Aug. 9, 2013). A creditor is not required to file a proof of claim, but rather "may file" one. *See* 11 U.S.C. § 501(a) ("A creditor . . . may file a proof of claim."). Thus, it is within the creditor's discretion whether or not to file the claim. Likewise, the creditor can comply with the FDCPA by not using false, deceptive, or unfair means to

---

[1] Some courts have ruled differently and held that a violation of a provision of the Bankruptcy Code cannot form the basis of a cause of action under the FDCPA because the only remedies for violations of the Bankruptcy Code are found in the Code itself. *See Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510 (9th Cir. 2002); *see also Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2d Cir. 2010).

3

collect upon a debt. Thus, under Seventh Circuit precedent, the court can apply both the Bankruptcy Code and the FDCPA. As such, the court declines to adopt the position of several other district courts outside of the Seventh Circuit that find the bankruptcy code precludes the application of the FDCPA to time-barred proofs of claim. Such a conclusion would be inconsistent with Seventh Circuit precedent.

    **C.    Application of the FDCPA**

Nevertheless, holding that the FDCPA and Bankruptcy Code *can* be applied simultaneously does not mean that they both *must* be applied in every potential Bankruptcy Code violation; the communication still must be in an attempt to collect on a debt. *See Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384-85 (7th Cir. 2010) ("[T]he [FDCPA] does not apply to *every* communication between a debt collector and a debtor." (emphasis in original)). In order for the FDCPA to apply to an activity, including one taking place in a bankruptcy proceeding, there are two threshold criteria that must be met. "First, the defendant must qualify as a 'debt collector' . . . ." *Id.* at 384. There is no dispute in this case concerning the Defendants' status as debt collectors. "Second, the communication by the debt collector that forms the basis of the suit must have been made 'in connection with the collection of any debt.'" *Gburek*, 614 F.3d at 384 (quoting 15 U.S.C. §§ 1692c(a)-(b), 1692e, 1692g). The controlling issue in this case is whether the proofs of claim[2] filed by the Defendants in the Plaintiff's bankruptcy proceeding constitute an activity done in connection with the collection of any debt.

---

[2] A proof of claim is defined as "a written statement setting forth a creditor's claim." FED. R. BANKR. P. 3001. Parties that may file proofs of claims include creditors, indenture trustees,

4

There is no established bright-line rule that can be used in order to determine if a communication constitutes a debt collection activity under the FDCPA. *Id.* at 384. Rather, there are "several factors that come into play in the commonsense inquiry of whether a communication from a debt collector is made in connection with the collection of any debt." *Id.* at 385. The most prominent of these factors are: (1) the presence or absence of a demand for payment; (2) the nature of the parties' relationship; and (3) the purpose and context of the communications. *Id.* at 385-86; *see also Shelley v. Ocwen Loan Servicing, LLC*, No. 1:13-cv-506, 2013 WL 4584649, at *5 (S.D. Ind. Aug. 28, 2013).

The Eleventh Circuit recently decided a case nearly identical to the one before the court. *See Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014). In *Crawford*, the defendant acquired a debt owed by the plaintiff. Several years later, the plaintiff filed for Chapter 13 bankruptcy. *Id.* at 1257. The creditor filed a proof of claim to collect upon that debt despite the fact that the statute of limitations period had expired four years earlier. *Id.* Unlike the present case, the debtor and trustee failed to object to the claim and it was subsequently paid. *Id.* at 1259. The plaintiff brought an FDCPA claim in an adversary proceeding. *Id.* at 1257. Because the facts are so similar to the case before the court, the court finds the *Crawford* decision to be particularly persuasive.

---

debtors, and trustees of the bankruptcy estate. 11 U.S.C. § 501(a)-(c). When a proof of claim is filed, it is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). If a party in interest objects, the bankruptcy court determines whether the proof of claim will ultimately be allowed and the amount of the claim allowed. 11 U.S.C. § 502(b).

5

The Eleventh Circuit concluded that "[f]iling a proof of claim is the first step in collecting a debt in bankruptcy and is, at the very least, an 'indirect' means of collecting a debt." *Crawford*, 758 F.3d at 1262. As the Eleventh Circuit explained:

> [t]he reason behind [Defendant's] practice of filing the time-barred proofs of claim in bankruptcy court is simple. Absent an objection from either the Chapter 13 debtor or trustee, the time-barred claim is automatically allowed against the debtor . . . . As a result, the debtor must then pay the debt from his future wages as part of the Chapter 13 repayment plan, notwithstanding that the debt is time-barred and unenforceable in court.

*Id.* at 1259. In essence, the creditor is trying to use the bankruptcy system to collect upon a debt, which it cannot use other legal means to collect. *See Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013); *see also Crawford*, 758 F.3d at 1259 (noting that federal courts have uniformly held that a creditor violates the FDCPA if it threatens to sue on a time-barred debt or files a time-barred suit).

By filing a proof of claim, the creditor creates the misleading impression to the debtor that the debt collector can legally enforce the debt. *See Crawford*, 758 F.3d at 1261. The least sophisticated consumer would be unaware that such a claim is time-barred and thus unenforceable. *Id.* Thus, as the Eleventh Circuit found, the court concludes that such a filing is "unfair," "unconscionable," "deceptive," and "misleading" within the scope of § 1692e and §1692f. *Id.* Thus, Plaintiffs have stated a claim under Section 1692e just as the plaintiff did in *Crawford*.

## IV. Conclusion

For the reasons set forth above, the court finds that the FDCPA can apply to time-barred proofs of claim. Thus, Plaintiff's Complaint states a claim upon which relief can

be granted. Accordingly, Defendants' Motion to Dismiss (Filing No. 14) is **DENIED**. Additionally, Defendants' Request for Oral Argument (Filing No. 16) is **DENIED** as moot.

**SO ORDERED** this 8th day of December 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.